Ryan A. Ballard
David L. Vicevich
Vicevich Law
3738 Harrison Avenue
Butte, Montana 59701
Telephone: (406) 782-1111
ryan@vicevichlaw.com
dave@vicevichlaw.com
   *Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA, BUTTE DIVISION

| | |
|---|---|
| BROUGHTON, INC., a Montana corporation, <br><br> Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF BUTTE-SILVER BOW. <br><br> Defendant. | Cause No. <br><br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Broughton, Inc., by and through its counsel of record, Ryan A. Ballard, and for its Complaint against Defendant City and County of Butte-Silver Bow, asserts and alleges as follows:

## I.
## Parties

1. Plaintiff Broughton, Inc. is a Montana corporation with its principal place of business in Frenchtown, Missoula County, Montana.

2. Defendant City and County of Butte-Silver Bow is a political subdivision of the

**COMPLAINT AND DEMAND FOR JURY TRIAL**                    **Page 1 of 12**

State of Montana.

3. City and County of Butte-Silver Bow ("Butte-Silver Bow") can be served through its Chief Executive, J.P. Gallagher, at 155 W. Granite St., Room 106, Butte, MT 59701.

## II.
## Venue and Jurisdiction

4. Venue is proper in Federal District Court, Butte Division, pursuant to 28 U.S.C. § 1391(b)(2).

5. This Court has personal jurisdiction over the Defendant as a resident of Silver Bow County, Montana and all events took place within the Butte Division of the District of Montana.

6. This Court has subject matter jurisdiction over the Plaintiff's claims alleged in this Complaint because they involve federal statutes. (Authority: 28 U.S.C. §§ 1331 and 1343).

7. The Court may take pendent jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

## III.
## Background Facts

8. Broughton, Inc. is a Montana corporation which operates several marijuana dispensaries around the state.

9. Grommitt, LLC is a Montana limited liability company which shares common

principals with Broughton, Inc., but operates outside the cannabis industry.

10. An employee who filled out a Business License Application with Butte-Silver Bow incorrectly listed "Grommit LLC DBA Starrbuds" as the business seeking a license; the entity which should have been listed is Broughton, Inc..

11. The business license was eventually issued in the name of Broughton, Inc..

12. Glenn Broughton is one of the principals, and had direct contact with Butte-Silver Bow officials. For purposes of simplicity, Mr. Broughton; Broughton, Inc.; and Grommitt, LLC will be collectively referred to as "Broughton" in the remainder of this Complaint.

13. Broughton became aware in early 2025 of the opportunity to lease the former Miller's Boots location at 301 S. Arizona Avenue in Butte.

14. Butte-Silver Bow issues business licenses through its Planning Department.

15. On March 9, 2025, Broughton submitted its business license application to the Butte-Silver Bow Planning Department.

16. Rusty Christensen works in the Planning Department as a Building Official.

17. Mr. Christensen inspected the property at 301 S. Arizona Ave. in early April and confirmed to Broughton that there were no issues with the location of the building in relation to Butte High School (or any other school or church).

18. The fire department also inspected the property and provided its approval so long as certain modifications were made to the building.

19. Mr. Christensen also indicated that the property was acceptable under all other applicable statutes and ordinances related to operating a marijuana dispensary.

20. Broughton also sought input from the Montana Cannabis Control Division, which is tasked with enforcing all marijuana related statutes.

21. The Cannabis Control Division indicated that Broughton's proposed location at 301 S. Arizona Ave. was in compliance with all applicable statutes at the state level; it further indicated that it would issue a dispensary license after Butte-Silver Bow issued a business license to Broughton.

22. Based on the Cannabis Control Division and Mr. Christensen's representation, Broughton entered into a five-year lease with the owner of the property and began renovating the property to match the needs of a dispensary.

23. All told, Broughton invested approximately $50,000 in renovations and incurred a liability of $150,000 for the lease term.

24. On April 23, Mr. Christensen notified Broughton that Butte-Silver Bow had approved Broughton's application and the business license was ready to issue.

25. The following day a Broughton employee went to the Planning Department to pick up the business license and was told it was not currently available.

26. On or about April 25, Broughton was notified that Planning Director Julia Crain was withholding the business license based on the questionable claim that Mr. Christensen lacked authority to approve of Broughton's store location and to issue

the business license.

27. On May 7, Ms. Crain sent a letter to Broughton that said, contrary to Butte-Silver Bow's April 23 email, that it was denying Broughton's business license application.

28. Ms. Crain's letter stated that Butte-Silver Bow Municipal Code does not address retail sales of marijuana, therefore the Planning Department relies on state statutes governing where a dispensary can be located.

29. Ms. Crain cited to M.C.A. § 16-12-207(3)(a)(iii) as her basis for the denial. That statute says that an adult-use dispensary license shall be denied if the building is:

> [W]ithin 500 feet of and on the same street as a building used exclusively as a church, synagogue, or other place of worship, as a school or postsecondary school other than a commercially operated school, or as a child-care facility licensed or registered by the department of public health and human services, unless the locality requires a greater distance. This distance must be measured in a straight line from the center of the nearest entrance of the place of worship or school to the nearest entrance of the licensee's premises.

M.C.A. § 16-12-207(3)(a)(iii).

30. Ms. Crain's contention was that the Butte High School welding classroom is 476.6 ft. from its primary entrance to 301 S. Arizona Ave..

31. She also claimed that the primary entrance to the welding classroom is on the same street as the proposed dispensary.

32. Ms. Crain concluded that based on the above two facts, Broughton's proposed store location violated M.C.A. § 16-12-207(3)(a)(iii) and Broughton could not be

**COMPLAINT AND DEMAND FOR JURY TRIAL**                                      **Page 5 of 12**

issued a business license.

33. As suggested in Ms. Crain's May 7 letter, Broughton filed an appeal with the Zoning Board.

34. On May 27, Broughton met with Ms. Crain, Chief Executive J.P. Gallagher, and County Attorney Matt Enrooth, who reiterated the same basis for the May 7 withdrawal of the business license by Butte Silver Bow.

35. The following day, Broughton retained counsel, who sent a notice of claim to Butte-Silver Bow seeking issuance of the withdrawn business license.

36. As explained by Broughton's counsel in the May 28 letter, Butte-Silver Bow's interpretation of M.C.A. § 16-12-207 failed to account for the factors set forth in Montana Administrative Rule 42.39.124, which provides the framework and procedures for implementing M.C.A. § 16-12-207.

37. The plain language of Mont.Admin.R. 42.39.124 makes the interplay between that Rule and M.C.A. § 16-12-207 clear:

> (1) In order to apply the provisions of 16-12-207(3), MCA, to a cultivator licensee, manufacturer licensee, adult-use dispensary licensee, or medical marijuana dispensary licensee, the department must find:
> a) the entrance doors of the premises proposed for licensing and the entrance doors of the place of worship or school are situated on the same street; and
> b) the physical address of the premises proposed for licensing is designated as the same street as the physical address of the place of worship or school; and
> c) c) the distance, measured in a straight line from the entrance doors of the business proposed for licensing, and

the entrance doors of the place of worship or school is 500 feet or less.
(2) If the three-part test in (1) is not met in its entirety, the provisions of 16-12-207, MCA, do not apply.

Mont.Admin.R. 42.39.124.

38. The entrance doors to Butte High School and Broughton's location are not both on South Arizona Avenue; rather the physical address for Butte High School is 401 S. Wyoming Street.

39. Even if the welding building was the applicable location for determining compliance with the statute, its entrance doors are not on the street, but rather accessible only by way of a parking lot behind a fence that runs along South Arizona Avenue, therefore subsection a) is not satisfied.

40. The physical address of Butte High is on South Wyoming Street, meaning subsection b) is not satisfied.

41. The entrance door to the school is on South Wyoming Street, at least 1,000 feet from the Broughton location entrance, so subsection c) is not satisfied.

42. Given that all three subsections must be satisfied and none of the parts are satisfied, the provisions of M.C.A. § 16-12-207 plainly do not apply.

43. Despite the plain language of M.C.A. § 16-12-207 and the straightforward process of applying Mont.Admin.R. 42.39.124, it took until June 10 for Butte-Silver Bow to issue a business license to Broughton.

44. From April 24, when Broughton attempted to pick up the business license it had

been told by Butte-Silver Bow until June 10 when Broughton was provided with the business license, Broughton lost 47 days of profits from its 301 S. Arizona Ave. location.

## IV.
## Claims and Causes of Action

## Count 1
## VIOLATION OF 42 U.S.C. § 1983 – FIFTH AMENDMENT

45. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

46. At all times pertinent to this incident, Butte-Silver Bow acted under color of authority as a political subdivision of the State of Montana.

47. Butte-Silver Bow, while acting under color of authority, deprived Broughton of its civil rights under the Fifth Amendment of the United States Constitution which, in relevant part, prohibits depriving persons of their private property without just compensation.

48. At the time of Butte-Silver Bow's approval of a business license for Broughton on April 23, Broughton gained a vested property interest in that business license.

49. Butte-Silver Bow's withdrawal of the business license and subsequent withholding of the business license for 47 days constitutes a regulatory taking under the Fifth Amendment.

50. The acts and omissions of Butte-Silver Bow, while carried out under color of authority, have no justification or excuse in law, and instead constitute a gross

abuse of governmental authority and power; the conduct shocks the conscience; the conduct us fundamentally unfair, arbitrary and oppressive; and, it was unrelated to activities which government officials may appropriately and legally undertake in the course of protecting persons or property or ensuring civil order.

51. The acts and omissions of Butte-Silver Bow were taken consciously and with disregard of the plain language of the applicable statute and administrative rule.

52. Each act or omission of Butte-Silver Bow violated Broughton's civil rights under the Fifth Amendment of the U.S. Constitution.

53. Each act or omission of Butte-Silver Bow proximately caused or contributed to Broughton's constitutional rights deprivation, its injuries, and its damages.

54. Broughton has suffered damages, including but not limited to lost profits, in an amount to be proven at trial, but no less than $75,000.00.

## Count 2
## VIOLATION OF 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT

55. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

56. At all times pertinent to this incident, Butte-Silver Bow acted under color of authority as a political subdivision of the State of Montana.

57. Butte-Silver Bow, while acting under color of authority, deprived Broughton of its civil rights under the Fourteenth Amendment which mandates equal protection and due process under the law.

58. The acts and omissions of Butte-Silver Bow, while carried out under color of authority, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power; the conduct shocks the conscience; the conduct us fundamentally unfair, arbitrary and oppressive; and, it was unrelated to activities which government officials may appropriately and legally undertake in the course of protecting persons or property or ensuring civil order.

59. The acts and omissions of Butte-Silver Bow were taken consciously and with disregard of the plain language of the applicable statute and administrative rule.

60. By withdrawing an already approved business license, Butte-Silver Bow deprived Broughton of its due process rights.

61. By treating Broughton differently than other marijuana dispensaries and applicants for dispensary licenses, Butte-Silver Bow violated Broughton's equal protection rights.

62. Each act or omission of Butte-Silver Bow violated Broughton's civil rights under the Fourteenth Amendment of the U.S. Constitution.

63. Each act or omission of Butte-Silver Bow proximately caused or contributed to Broughton's constitutional rights deprivation, its injuries, and its damages.

64. Broughton has suffered damages, including but not limited to lost profits, in an amount to be proven at trial, but no less than $75,000.00.

## Count 3
## NEGLIGENCE BY BUTTE-SILVER BOW

65. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

66. Butte-Silver Bow owed a duty to Broughton to act as a reasonable and prudent political subdivision would in determining whether to issue a business license to Broughton.

67. Butte-Silver Bow breached that duty to Broughton when Julia Crain withdrew the business license after it was already approved by Rusty Christensen.

68. Butte-Silver Bow further breached its duty to Broughton when it withheld the business license for 47 days after it had already been approved.

69. Due to Butte-Silver Bow's negligent actions, Broughton has suffered damages, including but not limited to lost profits, in an amount to be proven at trial, but no less than $75,000.00.

## Prayer for Relief

Wherefore, Plaintiff prays for relief as follows:

A. An award of compensatory damages for each and every claim,

B. An award of consequential damages for each and every claim,

C. An award of attorney fees and costs pursuant to 42 U.S.C. § 1988, and

D. For any other relief the Court deems just under the circumstances.

//

//

**COMPLAINT AND DEMAND FOR JURY TRIAL**                                    **Page 11 of 12**

DATED this 20th day of June, 2025.

/s/ *Ryan A. Ballard*_____
RYAN A. BALLARD
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, by and through its counsel, and hereby demands a jury trial.

DATED this 20th day of June, 2025.

/s/ *Ryan A. Ballard*_____
RYAN A. BALLARD
Attorney for Plaintiff